UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

          Plaintiff,

      v.

YIP HOLDINGS FIVE, LLC,  a California
Limited Liability Company, and Does 1-
10,

          Defendants.

No.  2:14-cv-1114-WBS-EFB

FINDINGS AND RECOMMENDATIONS

       This matter came before the court on January 21, 2015, for hearing on plaintiff's motion for default judgment against defendant.[1] ECF No. 19.  Attorney Amanda Lockhart appeared on behalf of plaintiff; no appearance was made by defendant.  For the reasons stated below, plaintiff's motion should be granted in part.

I.    Background

       Plaintiff initiated this action on May 6, 2014.  ECF No. 1.  On June 10, 2014, plaintiff filed an amended complaint, alleging claims against defendant YIP Holdings Five, LLC for violations of the Americans with Disabilities Act ("ADA") 42, U.S.C. §§ 12101 *et seq*., the California Unruh Civil Rights Act ("Unruh Act"), the California Disabled Persons Act,

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1  and a claim for negligence.[2]  ECF No. 4.  The amended complaint seeks damages under the

2  Unruh Act, injunctive relief, and attorneys' fees and costs.  *Id*. at 8.

3        Plaintiff served defendant on June 15, 2014, by personally serving a copy of the summons

4  and first amended complaint on Fong Lo, the agent for service of process.[3]  ECF No. 6.  Despite

5  being properly served, defendant has failed to appear in this action.  On July 23, 2014, plaintiff

6  requested entry of defendant's default, which the clerk entered on the same date.  ECF Nos. 8, 9.

7  Plaintiff moved for default judgment (ECF No. 19) and served by mail a copy of the motion on

8  defendant.  ECF No. 19-15.  Plaintiff's motion seeks $8,000 in monetary damages under the

9  Unruh Act, based upon two separate violations, as well as injunctive relief and attorneys' fees and

10  costs.  ECF No. 19-1.

11        According to the amended complaint, plaintiff is a quadriplegic and uses a wheelchair for

12  mobility.  FAC, ECF No. 4 ¶ 1.  Defendant is, or was at the time of the incidents, the owner and

13  operator of a strip mall located at 1166-1168 E Yosemite Ave., Manteca, California, from which a

14  number of businesses operate, including Planet Beach and Happy Pizza.  *Id*. ¶ 2.  The strip mall

15  and its businesses are business establishments and places of public accommodation.  *Id*. ¶ 7.  The

16  property does not contain accessible handicap parking.  While there is a handicap parking stall,

17  the stall and access aisles are not level with each other because there is a built up curb ramp that

18  runs into the access aisle and parking stall.  *Id*. ¶ 8.  This results in a slope greater than 2 percent.

19  *Id*.  Further, the door hardware at Planet Beach and Happy Pizza entrances are panel style handles

20  that require tight grasping to operate.  *Id*. ¶ 8.

21        The restroom at Planet Beach is also not accessible.  *Id*. ¶ 10.  The door hardware at

22  Planet Beach is a traditional knob style handle that requires tight grasping or twisting of the wrist

23  to operate.  *Id*. ¶ 11.  The restroom mirror is mounted so that its bottom edge is approximately 55

24  inches above the floor and is not effectively used by wheelchair users.  *Id*. ¶ 12.  The restroom

25  

26      [2]  Plaintiff's original complaint also asserted claims against defendant Robert C. Hunter and D F Hunter.

27  

28      [3]  According to the Secretary of State's website, Fong Lo is the authorized agent for service.

1    sink is a cabinet style sink that does not provide any knee clearance for wheelchair users.  *Id.*

2    ¶ 13.  Because there is a wash machine in the restroom, the restroom does not provide a 60 inch

3    diameter turning radius.  *Id.* ¶ 14.  The bathroom does not contain two grab bars on adjacent or

4    parallel walls for use of the toilet by persons with disabilities who need to transfer to the toilet.

5    *Id.* ¶ 15.

6           Plaintiff has visited Planet Beach and Happy Pizza on several occasions during 2014 and

7    has encountered the barriers on his visits.  *Id.* ¶ 16.  The violations denied plaintiff the full and

8    equal access to facilities, privileges, and accommodations offered by defendant.  *Id.* ¶ 17.

9    Plaintiff further alleges that defendant's failure to remove these barriers was intentional.  *Id.* ¶ 18.

10   II.    Discussion

11          Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

12   against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

13   against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

14   automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*,

15   238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25

16   (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies

17   within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

18   1980).  In making this determination, the court considers the following factors:

19                  (1) the possibility of prejudice to the plaintiff, (2) the merits of
                    plaintiff's substantive claim, (3) the sufficiency of the complaint,
20                  (4) the sum of money at stake in the action, (5) the possibility of a
                    dispute concerning the material facts, (6) whether the default was
21                  due to excusable neglect, and (7) the strong policy underlying the
                    Federal Rules of Civil Procedure favoring decisions on the merits.
22

23   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary

24   standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v.*

25   *Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v.*

26   *Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

27          As a general rule, once default is entered, the factual allegations of the complaint are taken

28   as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v. Heidenthal*,

1   826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded

2   allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not

3   contained in the pleadings, and claims which are legally insufficient, are not established by

4   default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  A party's

5   default conclusively establishes that party's liability, although it does not establish the amount of

6   damages.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although

7   a default established liability, it did not establish the extent of the damages).

8        A.  Americans with Disabilities Act

9        Title III of the ADA provides that "[n]o individual shall be discriminated against on the

10  basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

11  advantages, or accommodations of any place of public accommodation by any person who owns,

12  leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

13  Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . .

14  where such removal is readily achievable."  *Id*. § 12182(b)(2)(A)(iv).  Under the ADA, the term

15  readily achievable means "easily accomplishable and able to be carried out without much

16  difficulty or expense."  42 U.S.C. § 12181(9).

17       "To prevail on a Title III discrimination claim, the plaintiff must show that (1)[he] is

18  disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or

19  operates a place of public accommodation; and (3) the plaintiff was denied public

20  accommodations by the defendant because of her disability."  *Molski v. M.J. Cable, Inc.*, 481 F.3d

21  724, 730 (9th Cir. 2007).  Further, "[t]o succeed on a ADA claim of discrimination on account of

22  one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing

23  facility at the defendant's place of business presents an architectural barrier prohibited under the

24  ADA, and (2) the removal of the barrier is readily achievable."  *Parr v. L & L Drive–Inn Rest.*, 96

25  F. Supp. 2d 1065, 1085 (D. Haw. 2000).

26       Although "[t]he Ninth Circuit has yet to rule on whether the plaintiff or defendant bears

27  the burden of proof in showing that removal of an architectural barrier is readily achievable," the

28  Ninth Circuit, and various district courts throughout the Ninth Circuit, have often applied the

4

1  burden-shifting framework set forth in *Colorado Cross Disability Coalition v. Hermanson*

2  *Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001).  *Vesecky v. Garick, Inc.*, 2008 WL 4446714, at *2

3  (D. Ariz. Sept. 30, 2008) (citing *Doran v. 7–Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007)

4  and various district court cases).[4]  In *Colorado Cross*, the Tenth Circuit stated that the "[p]laintiff

5  bears the initial burden of production to present evidence that a suggested method of barrier

6  removal is readily achievable" and that if plaintiff meets that burden, the burden shifts to the

7  defendant, who "bears the ultimate burden of persuasion regarding its affirmative defense that a

8  suggested method of barrier removal is not readily achievable."  *Colo. Cross Disability Coal.*,

9  264 F.3d at 1006.

10      In *Molski v. Foley Estates Vineyard and Winery*, LLC, 531 F.3d 1043 (9th Cir. 2008), the

11  Circuit addressed *Colorado Cross* directly for the first time.  The court declined to apply

12  *Colorado Cross'* burden-shifting framework in the context of barrier removal from within historic

13  buildings and instead placed the burden squarely on the defendant.[5]  The court reasoned that by

14  requiring "the entity undertaking alterations [to] consult with the State Historic Preservation

15  Officer," the ADA guidelines for historic buildings place the burden on the "party with the best

16  access to information regarding the historical significance of the building" rather than "on the

17  party advocating for remedial measures."[6]  531 F.3d at 1048.

---

18      [4]  In *Vesecky*, 2008 WL 4446714, at *3, the district court stated that the Ninth Circuit

19  "applied *Colo. Cross* without much discussion" in *Doran v. 7–Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007) (per curiam), withdrawn, 524 F.3d 1034 (9th Cir.2008).  Although the *Doran*

20  opinion cited by the district court in *Vesecky* was subsequently withdrawn and superseded on rehearing, the portion of the opinion relied on by the court in *Vesecky* was not altered in the later

21  *Doran* opinion.  *See Doran v. 7–Eleven*, 524 F.3d 1034, 1047–48 (9th Cir. 2008).

22      [5]  Although the Ninth Circuit declined to apply the *Colorado Cross* burden-shifting

23  framework in *Molski*, it has favorably cited *Colorado Cross* elsewhere.  In *Lentini v. California Center for the Arts*, 370 F.3d 837, 845 (9th Cir. 2004), the Court of Appeals cited *Colorado Cross*

24  for the proposition that whether a modification order will "fundamentally alter" a service or facility under Title III of the ADA is an affirmative defense.  The *Colorado Cross* court supported

25  its holding that the whether removal of an architectural barrier is readily achievable under Title III of the ADA is an affirmative defense, and its resulting application of a burden-shifting test, by

26  analogizing to the affirmative defense under the ADA's fundamental alteration provision.  264 F.3d at 1003–04.  The *Lentini* decision at least suggests that the Ninth Circuit is not altogether

27  hostile to the reasoning that gave rise to the *Colorado Cross* burden-shifting test.

28

1    In *Vesecky*, an opinion addressing both *Colorado Cross* and *Molski*, the District of

2    Arizona stated that while it was "mindful of the informational imbalance that may exist between

3    plaintiffs and defendants with respect to the ease and cost with which architectural barriers may

4    be removed . . . until the Ninth Circuit provides additional and specific instruction to the lower

5    courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting

6    framework of *Colo. Cross*, specifically in cases where a historic building is not at issue." *Vesecky*,

7    2008 WL 4446714, at *2.  This court agrees, especially in the context of a default judgment

8    proceeding in which defendants have not appeared.  42 U.S.C. § 12181(9).

9    Plaintiff's complaint alleges that he is an individual with a disability, that the defendant is

10   the owner and operator of a strip mall in which Planet Beach and Happy Pizza operate, and that

11   defendant denied plaintiff public accommodation because of his disability.  Plaintiff also alleges

12   discrimination due to several architectural barriers.  Plaintiff does not, however, specifically

13   allege that the removal of this barrier is readily achievable.  *Parr v. L & L Drive–Inn Rest.*, 96 F.

14   Supp. 2d 1065, 1085 (D. Haw. 2000).

15   Instead, relying on *Wilson v. Haria and Gorgi Corp.*, 479 F. Supp. 2d 1127, 1133 n. 7

16   (E.D. Cal. 2007), plaintiff argues that whether removal of an architectural barrier is readily

17   achievable is an affirmative defense.  ECF No. 19-1 at 10.  That case alone does not solve the

18   problem for plaintiff here.  It appears to adopt the reasoning of Colorado Cross, which further

19   held that where a plaintiff meets its initial burden of presenting evidence suggesting the removal

20   of the barrier is readily achievable, "[d]efendant then bears the ultimate burden of persuasion on

21   affirmative defense that barrier removal is not readily achievable."  264 F.3d at 1002-03.  Thus,

22   while the allegations of plaintiff's complaint may be sufficient to state a claim, his burden on this

23   motion for default judgment is different.  The court may take the well-pleaded allegations of his

24   complaint as true for purposes of satisfying the merits factor of *Eitel*, but it cannot assume

25   necessary facts that are not contained in the complaint.  *Cripps v. Life Ins. Co. of N. Am.*, 980

26   F.2d 1261, 1267 (9th Cir. 1992).  Even with the affirmative defense aspect of the "readily

27

28   [6] The court also stated that "congressional intent behind the ADA support[s] placing the
burden of production on the defendant."  531 F.3d at 1048.

1    achievable" question, for plaintiff to shift the ultimate burden of persuasion to the defense he still

2    bears an initial burden of presenting either factual assertions in the complaint, which in light of

3    the default may now be deemed proven, or alternatively present some evidence with this motion

4    that suggests the removal is readily achievable.  Plaintiff's complaint contains no such allegations

5    and he presents no evidence at all on the matter with this motion.

6         The court notes that the removal of certain types barriers have been identified by

7    regulation as "examples to remove barriers."  28 C.F.R. § 36.304(b).  Section 36.304(b)

8    specifically identifies the tasks of creating designated accessible parking spaces, rearranging

9    furniture, installing accessible door hardware, installing grab bars in toilet stalls, installing a full-

10   length bathroom mirror as such examples.  But the legal consequence which flows from a type of

11   removal being listed in Section 36.304(b) is not specified by the regulation.  Instead, the language

12   of the regulation simply lists categories and describes them as examples of steps to remove the

13   barriers.  Some courts have concluded that "this means that the barriers cited by plaintiff are per

14   se readily achievable and plaintiff has therefore met his burden."  *Johnson v. Dhami*, 2014 WL

15   4368665, * at 2 (E.D. Cal. Sept. 2, 2014); *see also Johnson v. Hall*, 2012 WL 1604715 (E.D. Cal.

16   May 7, 2012).  However, "[a]t least one court has held that that this regulation establishes no such

17   presumption." *Johnson v. Wayside Property, Inc.,* 41 F. Supp. 3d 973, 977 n.4 (E.D. Cal. 2014).

18   The Ninth Circuit has characterized the list as "clarify[ing] which barriers are likely to be readily

19   achievable and provide examples."  *Molski v. M.J. Cable, Inc.*, 481 F. 3d 724, 730 (9th Cir. 2007)

20   (citing 28 C.F.R. § 36.304(b)(12)-(17) and Appendix B to part 36) ("The Department of Justice

21   has referred to these examples as 'the types of modes measures that may be taken to remove

22   barriers and that are likely to be readily achievable.")).

23        Here, plaintiff has not only failed to allege any facts in the complaint that the corrections

24   are readily achievable, he has submitted no evidence on the matter with this motion nor has he

25   briefed the question of Section 36.304(b).  Thus, while it may well be that the majority of the

26   architectural barriers plaintiff encountered are readily removable, there is nothing before the

27   /////

28   /////

court on which it can conclude either as a matter of fact or law that they are.[7]  Further, plaintiff specifically alleges that the restroom sink at Planet Beach does not provide any knee clearance for wheelchair users.  ECF No. 4 ¶ 12.  Remodeling a bathroom sink is not listed as one of the examples of steps to remove barriers under 28 C.F.R. § 36.304(b), and plaintiff has failed to demonstrate that removal of this barrier is readily achievable.  Therefore, plaintiff has failed to demonstrate that he was impermissibly denied public accommodation based on defendant's failure to provide a bathroom sink with wheelchair clearance.

Accordingly, plaintiff has failed to adequately demonstrate that these factors weigh in favor of granting a default judgment.

Many of the remaining *Eitel* factors weigh in favor of granting plaintiff's application for default judgment.  As mentioned above, defendant was served a copy of the summons in complaint, as well as a copy of the motion for default judgment, but defendant has failed to appear and defend against plaintiff's claims.  Thus, it appears that defendant's failure to respond is not due to excusable neglect.  The sum of money at stake is relatively small and, when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts.  *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.,* 219 F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Furthermore, plaintiff would potentially face prejudice if the court did not enter default judgment as defendant has failed to respond to plaintiff's claims.

/////

/////

/////

_____

[7]  At the January 21 hearing, plaintiff was instructed to submit a supplemental brief addressing whether the removal of architectural barriers were readily achievable, but he declined to do so.  Furthermore, this court has previous denied motions for default judgment filed by plaintiff in other actions based on his failure to address the removability of architectural barriers. *See, e.g.*, *Johnson v. Mehrabi*, 2015 WL 222557 (E.D. Cal. Jan. 14, 2015).  Despite receiving adverse rulings, plaintiff continues to submit deficient motions for default judgment.

1   However, there is a strong policy in deciding cases on the merits.  *Eitel*, 782 F.2d at 1472

2   ("Cases should be decided upon their merits whenever reasonably possible.").  Given this policy,

3   and that plaintiff has failed to sufficiently plead a violation of the ADA or establish the merits of

4   his claim, he is not entitled to default judgment on his ADA claim.

5       B.  Unruh Civil Rights Act

6       The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are

7   free and equal, and no matter what their sex, race, color, religion, ancestry, national origin,

8   disability, medical condition, marital status, or sexual orientation are entitled to the full and equal

9   accommodations, advantages, facilities, privileges, or services in all business establishments of

10  every kind whatsoever."  Cal. Civ. Code § 51(b).  To prevail on his disability discrimination

11  claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was denied the full

12  and equal accommodations, advantages, facilities, privileges, or services in a business

13  establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied

14  plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4)

15  defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.  Cal. Civil

16  Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision).  Additionally, any violation of the ADA

17  necessarily constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code § 51(f); *see also*

18  *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664 (2009).

19      Plaintiff's Unruh Act claim is based on defendant's alleged violation of the ADA.  ECF

20  No. 4 ¶ 29 ("Because the defendants violated the plaintiff's rights under the ADA, they also

21  violated the Unruh Civil Rights Act and are liable for damages.").  As explained above, plaintiff

22  has failed to show that he is entitled to default judgment based on defendant's alleged violation of

23  the ADA.  Accordingly, on the record currently before the court plaintiff is also not entitled to

24  default judgment on his Unruh Act claim.

25  /////

26  /////

27  /////

28  /////

9

1    III.    Conclusion

2           For the reasons state above, it is hereby RECOMMENDED that plaintiff's application for

3    default judgment (ECF No. 19) be denied without prejudice to a subsequent properly-supported

4    motion.

5           These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties.  Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

11   *Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12   DATED:  September 15, 2015.

13
                                    EDMUND F. BRENNAN
14                                  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              10